AO 91 (Rev. 11/11)  Criminal Complaint

FILED BY

OCT 13 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DERRICK GERALD CARN, | ) | Case No.   20-MJ-6525-STRAUSS |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 8, 2020_____ in the county of _____Broward_____ in the
_Southern_ District of _____Florida_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. Section 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 18 U.S.C. Section 924(c) | Possession of Firearm in Furtherance of Drug Trafficking Crime |
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SPECIAL AGENT JUSTIN KALARCHIAN, HSI
*Printed name and title*

Sworn and subscribed ~~telephonically~~ Facetime

Date: _____10/13/2020_____

_____
*Judge's signature*

City and state:        Fort Lauderdale, Florida

JARED M. STRAUSS, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin C. Kalarchian, being duly sworn, depose and state the following:

1.     I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since September of 2019. Previously, I was employed as a Special Agent by the United States Secret Service ("USSS"), from 2017 until 2019.  Prior to that, I was employed as a police officer by the Town of Davie Police Department from 2012 until 2017.  I am empowered by the Homeland Security Act of 2002 to perform the duties provided by law and regulation and I am empowered by law to conduct investigations of, and make arrests for, offenses against the United States of America, including violations of Title 18, United States Code. I am also empowered by a Memorandum of Understanding with the Drug Enforcement Administration ("DEA") to conduct investigations of narcotics violations.

2.     This Affidavit is submitted for the purpose of establishing probable cause in support of a criminal complaint charging DERRICK GERARD CARN with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); possessing a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), and being a felon in possession of a firearm and/or ammunition, in violation of Title 18, United States Code, Section 922(g)(1).  The information contained in this Affidavit is based on my personal knowledge and information obtained from other law enforcement personnel.  Because this Affidavit is provided solely for the purpose of establishing probable cause, it sets forth only those material facts that I believe are necessary to establish probable cause and does not include all the details of the investigation of which I am aware.

3.     From on or about July 10, 2020, through on or about October 6, 2020, in a series of undercover buys, an undercover law enforcement officer ("UC") purchased narcotics from CARN.

Based on these purchases, and surveillance of CARN prior to these undercover purchases, law enforcement obtained a state search warrant for CARN's residence, located at 2561 NW 9th Street, Fort Lauderdale, Florida.

4.      On October 8, 2020, the UC purchased approximately 15.3 grams of a substance that field tested positive for heroin from CARN.  After CARN was arrested, law enforcement executed the search warrant for CARN's residence.

5.      Inside one of the bedrooms, law enforcement found several documents with CARN's name, including his Florida Identification card and correspondence from several banks addressed to CARN.  On top of a dresser in the bedroom, law enforcement found a Glock 43 9mm firearm bearing serial number BCZL380.  Inside the firearm was a "drum style" magazine containing 41 rounds of 9mm ammunition.  Law enforcement found additional 9mm ammunition inside the top right dresser drawer.  In addition, on the dresser and in the top right dresser drawer, law enforcement found several bags containing a total of approximately 83.8 grams of a substance that field tested positive for cocaine.  Inside the top right dresser drawer, law enforcement also found approximately 2 grams of a substance that field tested positive for MDMA and approximately 3 grams of a substance that field tested positive for heroin.  In addition, inside the dresser, law enforcement found multiple small and medium sized plastic bags, consistent with those used for drug distribution.

6.      Record checks indicate that the Glock 43 9mm firearm was reported stolen 2018. An expert from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has confirmed that the firearm was not manufactured in the state of Florida, and thus passed through interstate commerce before being found in Florida on October 8, 2020.

2

7.     As of October 8, 2020, CARN has been convicted of several felonies and had not had his right to possess a firearm restored.

8.     Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about October 8, 2020, DERRICK GERARD CARN knowingly and willfully possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), knowingly and willfully possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), and was a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Justin C. Kalarchian
Special Agent
Homeland Security Investigations

Attested to by the applicant ~~telephonically~~ FaceTime in accordance
with the requirements of Fed. R. Crim. P. 4.1
this 13th day of October, 2020

_____
JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

3